Dear Representative Leist
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
Under the provisions of 80 O.S. Supp. 1995, § 1[80-1], must theUnited States obtain the consent of the State of Oklahoma inorder to enter into a land exchange contract with a loggingcompany, under which the United States would acquire land inOklahoma?
 INTRODUCTION
¶ 1 The statute you refer to in your question, 80 O.S. Supp.1995, § 1[80-1], in pertinent part provides:
 A. The consent of this state is hereby given, in accordance with Section 8 of Article I of the Constitution of the United States to the acquisition by the United States, by purchase, condemnation or otherwise, of any land in this state required for sites for custom houses, post offices, arsenals, forts, magazines, dockyards, military reserves, irrigation or drainage projects, municipal water facilities or for needful public buildings.
 The consent of this state is also given to the acquisition of land by the United States, by condemnation only with the consent of the owner,
or purchase, gift or exchange, for the purpose of consolidation within existing boundaries of national forests within this state.
 B. Land outside of any incorporated municipality,
which is being considered for acquisition by the United States for any other purpose, whether by fee or easement, may be acquired only after consent of a majority of the Legislature of the State of Oklahoma.
80 O.S. Supp. 1995, § 1[80-1] (emphasis added).
¶ 2 Subsection A of Section 1 of Title 80 states that the consent of the state is given "in accordance with Section 8 of Article I of the Constitution of the United States." Clause 17, Section 8 of Article I of the United States Constitution provides that Congress shall have the power:
 To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]
U.S. Const. art. I, § 8, cl. 17 (emphasis added).
 I. A STATE'S CONSENT IS NECESSARY TO THE FEDERAL GOVERNMENT'S EXERCISE OF EXCLUSIVE JURISDICTION OVER LAND WITHIN A STATE
¶ 3 The consent required by the United States Constitution in Clause 17 of Section 8 of Article I is not the consent necessary to acquire land, but rather to exercise "exclusive Legislation" over the land acquired. The United States Supreme Court, inSurplus Trading Company v. Cook, 281 U.S. 647 (1930), held that the United States' mere ownership of land within a state, without more, does not divest the state of jurisdiction of the land:
 It is not unusual for the United States to own within a state lands which are set apart and used for public purposes. Such ownership and use without more do not withdraw the lands from the jurisdiction of the state. On the contrary, the lands remain part of her territory and within the operation of her laws save that the latter cannot affect the title of the United States or embarrass it in using the lands or interfere with its right of disposal.
Surplus Trading Company, 281 U.S. at 650 (emphasis added).
¶ 4 More recently the United States Supreme Court came to the same conclusion in Paul v. United States, 371 U.S. 245, 264
(1963), in which it held that, "[t]he power of the Federal Government to acquire land within a State by purchase or by condemnation without the consent of the State is well established."
¶ 5 The term "exclusive Legislation" referred to in Article I, § 8 of the United States Constitution has been construed to mean "exclusive jurisdiction" over the places purchased. E.g.,Surplus Trading Company v. Cook, 281 U.S. 647, 652 (1930), andArledge v. Mabry, 197 P.2d 884, 890 (N.M. 1948). It is thus a state's consent, not the United States' ownership that, under Clause 17 of Section 8 of Article I, vests the United States with exclusive jurisdiction. Accordingly, while consent is necessary to the exercise of exclusive jurisdiction, it is not necessary to the United States' purchase of land within a state.
¶ 6 As the United States Supreme Court recognized in Kohl v.United States, 91 U.S. 367, 374 (1876), the words "to purchase" in a technical sense mean to acquire by any means of acquisition other than through descent — through inheritance — and, in a more common sense mean to acquire by contract, and not through condemnation:
 It is true, the words "to purchase" might be construed as including the power to acquire by condemnation; for, technically, purchase includes all modes of acquisition other than that of descent.
But generally, in statutes as in common use, the word is employed in a sense not technical, only as meaning acquisition by contract between the parties, without governmental interference.
Kohl, 91 U.S. at 374.
¶ 7 The United States' acquisition of land through an agreed upon land exchange would constitute a "purchase" under either the technical or common meaning of "purchase." Acquisition of land in an agreed upon land exchange — land swap — is acquisition other than through descent, thus it falls within the technical meaning of "purchase." Such a land swap also comes within the common meaning of "purchase," as it is acquisition by virtue of an agreement, rather than through condemnation.
¶ 8 Under Section 8, Clause 17, Article I of the United States Constitution, land acquired through a land trade is subject to the conditions imposed by the Constitution, because such a land trade is a "purchase" of land within a state.
¶ 9 Thus, under Article I, Section 8, Clause 17 of the United States Constitution, the United States' ability to exercise exclusive jurisdiction over land acquired through a land exchange is still conditioned on the State's consent to the exercise of such jurisdiction.
 II. A STATE'S CONSENT IS NOT NECESSARY TO THE FEDERAL GOVERNMENT'S ACQUISITION OF LAND WITHIN A STATE
¶ 10 The State of Oklahoma, in enacting 80 O.S. Supp. 1995, §1[80-1], has given its consent to the federal government's exercise of exclusive jurisdiction over lands acquired within the State of Oklahoma "by purchase, condemnation or otherwise," when the land is "required for sites for custom houses, post offices, arsenals, forts, magazines, dockyards, military reserves, irrigation or drainage projects, municipal water facilities or for needful public buildings."
¶ 11 Additionally, in enacting 80 O.S. Supp. 1995, § 1[80-1], the State has consented to the United States' acquisition of land within Oklahoma for the "purpose of consolidation within existing boundaries of national forests."
¶ 12 At subsection B of 80 O.S. Supp. 1995, § 1[80-1], the Legislature addresses itself to the United States government's acquisition of land outside incorporated municipalities "for any other purpose," providing that acquisition by the United States for any other purpose "may be acquired only after consent of a majority of the Legislature of the State of Oklahoma."
¶ 13 We construe the provisions of 80 O.S. Supp. 1995, § 1[80-1](B) to require consent to the United States government's exercise of exclusive jurisdiction, though the language speaks in terms of "acquiring" land. We reach this conclusion for three reasons. First, where there are two possible interpretations of a statute, one of which would render the statute unconstitutional, like the courts, we "should adopt the construction which upholds the statute." Gilbert Central Corporation v. State, 716 P.2d 654,658 (Okla. 1986).
¶ 14 Second, 80 O.S. Supp. 1995, § 1[80-1](A) speaks in terms of consent by the state "in accordance with Section 8 of Article I of the Constitution of the United States." As we have seen, the consent required by the United States Constitution is the consent necessary to the exercise of "exclusive legislation" — exclusive jurisdiction — not consent to acquire the land.
¶ 15 Third, the United States Supreme Court, in Kohl v.United States, 91 U.S. 367 (1876), held that the United States Government has the power to acquire lands within all the States,without the consent of the State or of any private citizen.
 The powers vested by the Constitution in the General Government demand for their exercise the acquisition of lands in all the States. These are needed for forts, armories and arsenals, for navy yards and light-houses, for custom-houses, postoffices, and court-houses, and for other public uses. If the right to acquire property for such uses may be made a barren right by the unwillingness of property holders to sell, or by the action of a State prohibiting a sale to the Federal Government, the constitutional grants of power may be rendered nugatory, and the Government is dependent for its practical existence upon the will of a State, or even upon that of a private citizen. This cannot be.
Kohl, 91 U.S. at 371 (emphasis added).
¶ 16 In short, while the United States Government under the provisions of Article I, Section 8, Clause 17 of the United States Constitution, may need the consent of a state to exerciseexclusive jurisdiction over land acquired within the state by the United States, the United States Government does not need the consent of a state to acquire land within a state. Accordingly, we conclude, that the consent of the State of Oklahoma is not necessary to the United States Government's acquisition of land within Oklahoma by virtue of a land exchange — land swap — with a landowner.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the provisions of Article I, Section 8, Clause 17 ofthe United States Constitution, the United States Government mayexercise exclusive jurisdiction over land acquired within theState for the erection of forts, magazines, arsenals, dockyards,and other needful buildings, when the Legislature of the Stateconsents to the United States' acquisition of such lands.
 2. In enacting 80 O.S. Supp. 1995, § 1[80-1], the OklahomaLegislature has given its consent, in accordance with Section 8of Article I of the United States Constitution, to theUnited States' acquisition by "purchase, condemnation or otherwise," ofany land within Oklahoma acquired by the federal government "forcustom houses, post offices, arsenals, forts, magazines,dockyards, military reserves, irrigation or drainage projects,municipal water facilities or for needful public buildings." Ingiving such consent, the State Legislature consented to theFederal government's exercise of exclusive jurisdiction overlands acquired for these purposes.
 3. In enacting 80 O.S. Supp. 1995, § 1[80-1], the Legislaturealso consented to the exercise of such jurisdiction by theFederal government when the United States acquires land withinthe State of Oklahoma "for the purpose of consolidation withinexisting boundaries of national forests."
 4. While the State's consent is necessary to enable theFederal government to exercise exclusive jurisdiction over landsacquired within a state, the United States, by virtue of thegeneral powers vested in it, is empowered to acquire propertywithin a state, without the consent of either the state, or ofany private citizen.
 The consent of a majority of the Legislature of the Staterequired by 80 O.S. Supp. 1995, § 1[80-1](B), is the consent necessaryto the Federal government's exercise of exclusive jurisdiction.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL